OPINION OF THE COURT
Dan Lamont, J.
The petitioner husband seeks downward modification of the maintenance provisions contained in the parties’ judgment of divorce signed November 9,1982. The respondent wife contends that the petition must be dismissed for lack of jurisdiction of the Family Court to modify spousal maintenance.
An examination of the judgment of divorce and the underlying stipulation made by the parties on the record in open court reveals extensive, comprehensive and substantial provisions and agreements relative to equitable distribution, distributive award, periodic maintenance, child custody, and child support. The judgment of divorce provides, in part, as follows:
“ordered, adjudged and decreed that the stipulation entered into by and between the parties in open court on October 14, 1982 as transcribed by Maijorie Carpenter, Supreme Court Stenographer and filed with the Court be and hereby is incorporated into this judgment and becomes a part hereof as if fully set forth herein in full, but shall not merge and shall survive this judgment and be enforceable in any jurisdiction; and it is further * * *
*288 “ordered, adjudged and decreed that should any dispute arise between the parties concerning custody, child support or visitation of the infant, Rosalie, such dispute may be submitted by either party for determination to the Supreme Court, or Family Court of the appropriate county, which courts shall have concurrent jurisdiction; and it is further”.
The judgment of divorce neither retains exclusive jurisdiction to enforce or modify support in Supreme Court, nor expressly refers jurisdiction to enforce or modify support to Family Court.
Section 466 of the Family Court Act provides as follows:
“§ 466. Effect of granting of support in action for divorce, separation or annulment
“(a) The supreme court may provide in an order or decree granting temporary or permanent support or maintenance in an action for divorce, separation or annulment that only the family court may entertain an application to enforce or, upon a showing to the family court that there has been a subsequent change of circumstance and that modification is required, to modify such order or decree. If the supreme court so provides, the family court shall entertain such an application and any disposition by the family court of the application is an order of the family court appealable only under article eleven of this act.
“(b) The supreme court may provide in an order or decree granting alimony, maintenance or support in an action for divorce, separation or annulment that the order or decree may be enforced or modified only in the supreme court. If the supreme court so provides, the family court may not entertain an application to enforce or modify an order or decree of the supreme court involving the parties to the action.
“(c) If the supreme court enters an order or decree granting alimony, maintenance or support in an action for divorce, separation or annulment and if the supreme court does not exercise the authority given under subdivision (a) or (b) of this section; or if a court of competent jurisdiction not of the state of New York shall enter an order or decree granting such alimony, maintenance or support in any such action, the family court may
“(i) entertain an application to enforce the order or decree granting alimony or maintenance, or
“(ii) entertain an application to modify the order or decree granting alimony or maintenance on the ground that there has been a subsequent change of circumstances and that modification is required.”
*289 This case clearly falls under súbdivision (c) of section 466 of the Family Court Act and accordingly the Family Court may entertain the application to modify the order or decree.
The fact that the Supreme Court did not retain exclusive jurisdiction to enforce or modify child support (see Family Ct Act, § 461, subd [b], par [ii]) and in fact granted concurrent jurisdiction as to child custody and support to the Family Court, does not alter the result herein. In light of the express provisions of section 466 of the Family Court Act, this court certainly should not infer that the Supreme Court “meant” to retain exclusive jurisdiction over maintenance — even though the order does not expressly so provide.
The respondent wife’s motion to dismiss this modification proceeding is accordingly denied. The matter is scheduled for a fact-finding hearing on Thursday, December 6, 1984, at 1:30 P.M.